## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTH DISTRICT OF GEORGIA
## ATLANTA DIVISION

PATRICIA JEFF,           )
                             )
        PLAINTIFF,      )
                             )
v.                          )       CIVIL ACTION NO.:
                             )
EASTSIDE MEDICAL     )
CENTER, LLC,          )
ATLANTA MARKET GP, INC.  )
                             )       JURY TRIAL REQUESTED
        DEFENDANTS.    )
_____)

## **COMPLAINT**

NOW COMES Plaintiff, Patricia Jeff, and hereby file this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, and compensatory damages, for Defendants' violation of the FLSA. Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b). Plaintiff also brings a related state law claim for damages for breach of contract. Plaintiff states as follows as her Complaint in this matter:

## I.    JURISDICTION AND VENUE

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Based upon Plaintiff's information and belief, Defendant, Eastside Medical Center, LLC, ("Defendant EMC"), is a domestic Limited Liability Company existing under the State laws of Georgia.  Defendant EMC lists its principal place of business as One Park Plaza, Nashville, Tennessee, 37203.

4.

Service of process for Defendant EMC can be effectuated through its registered agent CT Corporation System at 289 S Culver St, Lawrenceville, Georgia 30046-4805.

5.

Based upon Plaintiff's information and belief, Defendant, Atlanta Market GP, Inc. ("Defendant GP") is a Foreign For Profit Company existing under the State laws of Delaware.  Defendant GP lists its principal place of business as One Park Plaza, Nashville, Tennessee, 37203.

6.

Service of process for Defendant GP can be effectuated through its registered agent CT Corporation System at 289 S. Culver St, Lawrenceville, Georgia 30046-4805.

7.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II.    PARTIES

8.

Plaintiff is an adult resident citizen of Gwinnett County, Georgia.

9.

At all times relevant to this Complaint, Plaintiff was a "covered employees" as defined by 29 U.S.C. §203(e)(1).

10.

At all times relevant, Defendants employed the Plaintiff to perform labor for its benefit and made employment and compensation related decisions regarding the Plaintiff in this District.

11.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendants.

12.

Defendants are in the healthcare business, and operate a hospital in Snellville, Georgia.

13.

Defendant EMC is the operating entity, transacts business in this district, and directly employed Plaintiff.

14.

Upon information and belief, Defendant GP is Defendant EMC's parent company, with Defendant EMC making payments to Plaintiff on its behalf.

15.

Defendants are engaged in interstate commerce for purposes of the FLSA. Specifically, Defendants engage in interstate commerce by utilizing

instrumentalities of commerce by processing electronic payments via the internet, and send communications across state lines in operating its business from Nashville, Tennessee.

16.

Upon information and belief, Defendants' gross sales are in excess of $500,000 per year.

17.

Defendants directed Plaintiff to individually engage in interstate commerce, by recurrently utilizing instrumentalities of interstate commerce, such as the telephone and internet in her work.

18.

Plaintiff as part of her job duties regularly engage in interstate commerce, by by regularly and recurrently utilizing instrumentalities of interstate commerce, such as the telephone and internet in her work.

19.

Plaintiff made telephone calls and utilized the internet with regard to the treatment of patients that resulted in information being transmitted outside the state of Georgia and across state lines.

20.

Defendants are employers within the meaning of 29 U.S.C. §203(d) and are not exempt from the FLSA.

## III.    FACTUAL ALLEGATIONS

21.

Plaintiff, is an adult resident of Gwinnett County, Georgia.  Plaintiff was employed by Defendants from November 2018 through February 2020.

22.

Plaintiff was employed as a nurse during times relevant.

23.

Defendants compensated Plaintiff on an hourly basis, classifying her as a nonexempt employee.

24.

Plaintiff was compensated at the base rate of $38.50 per hour during times relevant to this Complaint.

25.

In addition to her base rate of pay, the Defendants also paid Plaintiff shift differentials and incentive pay.

26.

The shift differentials and the incentive pay included but were not limited to paying Plaintiff an additional $4 per hour when working on weekend shifts, paying Plaintiff an additional $1.50 per hour when working as a charge nurse, paying Plaintiff an additional $3.50 when working twelve (12) hour shifts, and paying Plaintiff a non-tobacco user incentive pay of $25 per pay period, among others.

27.

Plaintiff was employed in a position that involved interstate commerce as defined by the FLSA and/or employed in an enterprise that engaged in interstate commerce.

28.

As hourly nonexempt employees, Plaintiff was entitled to full pay for each hour worked and overtime pay for each hour worked in excess of forty (40) in the workweek.

29.

During the tenure of her employment, Plaintiff routinely worked in excess of forty (40) hours per week.  For approximately thirty-one (31) weeks worked during times relevant to this Complaint, Plaintiff worked substantial hours over forty (40) that were not compensated at the applicable overtime premium.

30.

What's more, the Defendants failed to pay all applicable shift differentials, for each and every shift when due, which adversely affected the calculation of the regular rate of pay, thereby resulting in a failure to pay all overtime wages.

31.

Plaintiff submitted her hours worked on a weekly basis.

32.

The Defendants, through a limited management group, engaged in a practice of improperly categorizing each shift worked by failing to pay the applicable shift differentials for the hours as they were submitted by manually adjusting the electronic time records. Specifically, the Defendants engaged in a practice of failing designate each applicable shift differential in order to pay Plaintiff less than what she was entitled.

33.

The Defendants also adopted a practice of failing to pay incentive payments to Plaintiff as part of her compensation.

34.

Plaintiff was to be paid an incentive payment biweekly for each week that she did not engage in tobacco use ("Tobacco Incentive").

35.

The Defendants did not pay Plaintiff her Tobacco Incentive for first several months of her employment.

36.

Eventually, the Defendants began paying the Tobacco Incentive on a biweekly basis and paid the Plaintiff a lumpsum catchup for the Tobacco Incentive payments that were in arrears.

37.

The failure to include Tobacco Incentive payments in the overtime rate constitutes as failure to pay overtime at time and one-half of the Regular Rate.  The Regular Rate is "determined by dividing [the] total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by [the employee] in that workweek for which such compensation was paid," pursuant to  29 CFR 778.109 (2018).

38.

The Defendants' failure to pay the overtime at the Regular Rate by including Tobacco Incentive payments, resulted in a failure to pay overtime wages.

39.

Defendants have knowingly and willfully failed to comply with the overtime wage provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff for all hours worked in excess of forty (40) at the applicable overtime rate.

40.

Defendants have failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

41.

Defendants knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA.

42.

As a result of the Defendants' violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA, resulting in substantial unpaid overtime wages.

43.

Plaintiff is entitled to the amount of unpaid overtime wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment and post judgment interest.

44.

Defendants have not made a good faith effort to comply with the FLSA.

45.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

46.

Plaintiff has no plain, adequate or complete remedy to redress the allegation contained herein and this suit for unpaid overtime wages, liquidated damages and injunctive relief is the only avenue to secure adequate relief.

47.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not receiving the overtime premium wages by failing to include all applicable shift differentials and incentive payments in the calculation of the Regular Rate of pay.

48.

For at least three (3) years, Defendants have been aware of the requirements of the FLSA, the Department of Labor's regulations, and its own violations of the FLSA. Despite this knowledge, Defendants failed to pay the amount of pay as required by law.

49.

As a result of the Defendants' violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA.

## IV.   COUNT ONE: FAILURE TO PAY OVERTIME WAGES

50.

Plaintiff incorporates by reference paragraphs 1 – 49 as if fully set forth herein.

51.

Plaintiff as non-exempt employee of Defendants, was entitled to be paid overtime for each hour worked in excess of forty (40) hours per week.

52.

The Defendants have willfully failed to compensate Plaintiff for all hours suffered at the correct overtime rate during her employment.

53.

When paying overtime, the Defendants failed to include all shift differentials and incentive payments when computing the Regular Rate.

54.

Defendants, by such failures, have willfully violated the overtime provisions of the FLSA.

## V.   COUNT TWO:  BREACH OF CONTRACT

### 55.

Plaintiff incorporates by reference paragraphs 1 – 55 as if fully set forth herein.

### 56.

Plaintiff and Defendants entered into a binding written contract regarding her employment ("Agreement").

### 57.

The Plaintiff and Defendants agreed that the Defendants would pay Plaintiff certain shift differentials, including but not limited to paying Plaintiff an additional $4 per hour when working on weekend shifts, paying Plaintiff an additional $1.50 per hour when working as a charge nurse, paying Plaintiff an additional $3.50 when working twelve (12) hour shifts, *etc.*

### 58.

Plaintiff provided the Defendant with legal consideration pursuant to the Agreement.

### 59.

Plaintiff complied with all conditions precedent and other requirements of the Agreement.

60.

Despite being paid some of her shift differentials pursuant to the Agreement, the Plaintiff was never paid all applicable shift differentials during times relevant to this Complaint.

61.

As a result of Defendant's breach, Plaintiff is entitled to damages.

62.

The Defendants have been stubbornly litigious and has caused the Plaintiff unnecessary trouble and expense so as to allow the Plaintiff to recover their reasonable attorney's fees and expenses incurred in bringing this action pursuant to O.C.G.A. §13-6-11.

63.

Plaintiff is entitled to interest on any sums recovered on account of a breach of contract until the recovery pursuant to O.C.G.A. §§7-4-2; 13-6-11; 13-6-13.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.   Payment of all overtime wages Plaintiff should have received under the FLSA, but for Defendants' willful violation;

B.   Payment of an equal amount of liquidated damages pursuant to the FLSA;

C.      Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled;

D.      All reasonable costs and attorneys' fees pursuant to the FLSA;

E.      Damages for Breach of Contract, interest as provided by law and such other and further relief as this Court deems just and proper;

F.      Pre-judgment interest pursuant to O.C.G.A. §§7-4-2

G.      Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

H.      All reasonable costs and attorneys' fees pursuant to O.C.G.A. §13-6-11.

Respectfully submitted, this 28th day of January, 2021.

*Attorneys for Plaintiff*

**MARTIN | DEMELFI, LLC**

/s/ Nicholas P. Martin
Nicholas P. Martin, Esq.
Georgia Bar No. 168722
nmartin@martin-demelfi.com
Frank DeMelfi, Esq.
Georgia Bar No. 320128
fdemelfi@martin-demelfi.com

1742 Mount Vernon Road
Suite 300
Dunwoody, Georgia 30338
Phone: (770) 450-6155

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTH DISTRICT OF GEORGIA
ATLANTA DIVISION**

PATRICIA JEFF,                            )
                                          )
      PLAINTIFF,                    )
                                          )
v.                                        )      CIVIL ACTION NO.:
                                          )
EASTSIDE MEDICAL                          )
CENTER, LLC,                              )
ATLANTA MARKET GP, INC.                   )
                                          )      JURY TRIAL REQUESTED
      DEFENDANTS.                   )
_____)

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D</u>

The undersigned certifies that the foregoing **COMPLAINT** has been prepared using 14-point Times New Roman font in compliance with Local Rule 5.1(C).

Respectfully submitted, this 28th day of January, 2021.

*Attorneys for Plaintiff*

**MARTIN | DEMELFI, LLC**

/s/ Nicholas P. Martin
Nicholas P. Martin, Esq.
Georgia Bar No. 168722