# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| PATRICIA JEFF, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:21-CV-00442-ELR |
| | * | |
| EASTSIDE MEDICAL CENTER, LLC, et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

_____

# O R D E R
_____

Presently before the Court is the Parties' "Joint Motion for Approval of Settlement Agreement and Dismissal of Lawsuit with Prejudice." [Doc. 17]. Significantly, Plaintiff Patricia Jeff's claims arise under the Fair Labor Standards Act ("FLSA"), which was enacted for the purpose of "protect[ing] all covered workers from substandard wages and oppressive working conditions." Christopher v. SmithKline Beecham Corp., 567 U.S. 142, 147 (2012) (quoting Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981)) (internal quotation marks omitted). Taking into account the disparity of bargaining power that often exists between employers and their employees, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945).

Thus, employers are prohibited from negotiating agreements that require employees to waive certain minimum protections provided for by the FLSA. Id.

The Eleventh Circuit has acknowledged that there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The first option, which is inapplicable to this case, involves actions taken by the Secretary of Labor. Id. at 1353. The second route, on the other hand, permits the presentation of a proposed settlement agreement to a district court when an employee brings a private action for back wages pursuant to 29 U.S.C. § 216(b). If, after scrutinizing the settlement, the district court determines that it "is a fair and reasonable resolution of a bona fide dispute of FLSA provisions[,]" the court may enter a stipulated judgment. Id. at 1355. In this context—when the employee is represented by counsel—there is some assurance that the employee's rights under the statute will be protected, and "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. at 1354. To that end, the Court notes that Plaintiff is represented by counsel in the present action.

After reviewing the Parties' instant motion [Doc. 17], the Court finds there is a bona fide dispute regarding claims arising under the FLSA and that the Parties' Settlement Agreement represents a fair and reasonable resolution to this action. Although Defendants deny Plaintiff's allegations of wrongdoing, the Parties engaged

in an arms-length settlement negotiation and eventually agreed upon terms to resolve this dispute.

Additionally, the Court finds Plaintiff's counsel's legal fees to be reasonable. [Doc. 17 at 6–7] (citing Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) ("The FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wrong employee recovers under a settlement agreement.")). The Parties represent in their motion that Plaintiff's counsel's fees were "agreed to separately and without regard to the amount settled upon for Plaintiff's FLSA claim." [Id. at 7]. The Court further notes that the limited confidentiality provision set forth in the Settlement Agreement does not apply to Plaintiff's FLSA claims or the FLSA settlement amount. [See Doc. 17-1 ¶ 9] ("Each Party specifically represents that the forgoing Limited Confidentiality provision does not in any way apply to any claims Employee raises under the FLSA or FLSA Settlement Amount[.]").

Accordingly, the Court **GRANTS** the Parties' "Joint Motion for Approval of Settlement Agreement and Dismissal of Lawsuit with Prejudice" [Doc. 17] and **APPROVES** the Parties' Settlement Agreement. Pursuant to the Parties' motion, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claims. The Court **DIRECTS** the Clerk to **CLOSE** this case.

**SO ORDERED**, this 14th day of April, 2021.

                                                */s/ Eleanor L. Ross*
                                                Eleanor L. Ross
                                                United States District Judge
                                                Northern District of Georgia